IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BENJAMIN SHAWN MARQUES-GOBER, <br><br> Petitioner, <br><br><br><br><br><br> vs. <br><br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | MEMORANDUM DECISION AND ORDER DENYING AND DISMISSING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 <br><br><br><br> Civil Case No. 2:07-CV-119 TS <br><br> Criminal Case No. 2:05-CR-73 TS |

This matter is before the Court on Petitioner's Motion To Vacate, Set Aside, or Correct Sentence, brought pursuant to 28 U.S.C. § 2255, and filed February 28, 2007. The Court, having considered the motion and pleadings, having reviewed the file, and being otherwise fully informed, will DENY Petitioner's § 2255 Motion, as is set forth below.

BACKGROUND

On May 4, 2005, Benjamin Shawn Marques-Gober (hereinafter referred to as "Petitioner") was indicted, in a Second Superceding Indictment, in the underlying criminal case (2:05-CR-73 TS) on violations of bank fraud conspiracy, possession of stolen mail, and identity fraud.  On February 28, 2006, Petitioner entered a guilty plea to count 40 of the Second Superceding Indictment.  Petitioner was sentenced to a term of imprisonment of six months to run consecutive to his state sentence on April 24, 2006.  Judgment was entered the same day.  Petitioner did not pursue direct appeal.

On February 26, 2007, Petitioner filed, in the criminal case, a Motion to Amend/Correct Consecutive Sentence, which the Court construed as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  The government responded to the Motion on May 10, 2007.

DISCUSSION

Petitioner's sole argument under his § 2255 Motion is that the sentence should be corrected to reflect that it is to run concurrently with his state sentence, rather than consecutively.  Petitioner states that the Court was not aware of the amount of time he would be required to serve on his state sentence at the time of sentencing.

At sentencing, the Court was aware of Petitioner's state sentence.  At that time, Petitioner made the same request, that his federal sentence run concurrently with his federal sentence.  The Court specifically rejected that request and stated that the federal sentence was to run consecutive, not concurrent with the state sentence.  Petitioner was clearly informed that his federal sentence was to run consecutive to his state sentence.  The Judgment accurately reflects

that ruling.  Petitioner has not shown that his sentence was inaccurately imposed or is otherwise invalid.

_____Further, a federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so.[1]  Congress has set forth three limited circumstances in which a court may modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in certain extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."[2]  Petitioner has not cited to any of these provisions and has provided no grounds on which to grant his § 2255 Motion.  Therefore, the Court finds his arguments lack merit.

CONCLUSION

Based upon the above, it is hereby

ORDERED that Petitioner's § 2255 Motion (Docket No. 1 in Civil Case No. 2:07-CV-119 TS) is DENIED.  It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

The Clerk of Court is directed to close this case forthwith.

---

[1]*See United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996); 18 U.S.C. § 3582(c).

[2]18 U.S.C. § 3582(c)(1), (2); *see Blackwell*, 81 F.3d at 947–48.

3

SO ORDERED.

DATED this 1st day of August,  2007.

BY THE COURT:

_____

TED STEWART
United States District Judge